THE UNITED STATES TRUST COMPANY OF NEW YORK,
ET AL., EXECUTORS, *vs.* THE SHORE LINE ELECTRIC
RAILWAY COMPANY.

OLD COLONY TRUST COMPANY *vs.* THE SHORE LINE
ELECTRIC RAILWAY COMPANY.

Second Judicial District, Norwich, April Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and MARVIN, Js.

In 1906, the defendant contracted in writing with the town of Norwich
that, as long as it should maintain its tracks on Preston bridge in
said town, it would discharge all the duties imposed upon street
railway companies by §§ 3837 and 3838 of the General Statutes
(Rev. 1902) with reference to highway repairs. *Held* that it must
be assumed that the parties intended the contract to be subject to
such subsequent change as might be made in the law and that,
therefore, the town, having made recent repairs to the pavement
on the bridge, was only entitled to reimbursement by the defendant
for the cost of repairing eight inches of the highway on each side of
each of its rails (Public Acts of 1921, Chapter 314) and not for the
cost of repairing all the highway between its rails and a space two
feet on the outer side of the outer rails as provided in the statutes
referred to in the contract.

Whether the obligation now imposed upon the receiver arises under the
contract or the statute, is left undetermined.

Whether a contract which stripped the legislature of its power to legis-
late upon the subject-matter of this contract would not be against
public policy, *quære.*

Argued April 29th—decided June 30th, 1924.

INTERVENING APPLICATION by the Town of Norwich,
an alleged creditor of the defendant in receivership
proceedings, praying for the allowance of its claim of
$1,649, brought to and tried by the Superior Court in
New London County, *Hinman, J.;* facts found and
judgment rendered directing the receiver to pay the
claim to the extent of $549.96 only, from which the
Town of Norwich appealed. *No error.*

*Henry H. Pettis* and *Charles L. Stewart,* for the appellant (the Town of Norwich).

*Charles B. Whittlesey,* with whom was *Charles L. Smiddy,* for the appellee (the Receiver of the defendant).

WHEELER, C. J. The Norwich and Westerly Railway was constructed about 1906 and the tracks of the Company were constructed in a public highway and passed over the Shetucket River on what is known as Preston Bridge. On April 3d, 1906, the Railway mortgaged all of its property to the then Treasurer of the State of Connecticut and his successors in office to secure an issue of bonds. This mortgage was recorded in the office of the Secretary of State on November 22d, 1909. On April 23d, 1906, the Railway entered into a written contract with the town of Norwich, the second paragraph of which reads: "That the Company, for itself, its successors and assigns, assumes and undertakes to discharge, so long as it or they maintain its or their track or tracks on said bridge or bridge erected in its place, the duties and obligations imposed upon street railway companies by sections 3837 and 3838 of the General Statutes, Revision of 1902."

On April 27th, 1906, this contract was recorded in the town clerk's office of the town of Norwich. On September 14th, 1909, a receiver was appointed for the Railway by the Circuit Court of the United States for the District of Connecticut; and in February, 1910, the State Treasurer brought suit in that court to foreclose the mortgage, and subsequently all of the mortgaged property, including the railway across Preston Bridge, was sold, and the property on July 28th, 1911, deeded to the purchasers, Messrs. Locke and Verrill, who thereupon conveyed the same to the

Norwich and Westerly Traction Company, which mortgaged its property to secure a new issue of bonds, and on October 30th, 1916, conveyed all of its property, including the railway across the bridge, subject to said mortgage, to the Shore Line Electric Railway Company.

Neither Locke, Verrill nor the Norwich and Westerly Traction Company had any knowledge, when they conveyed the property, of the contract between the town of Norwich and the Norwich and Westerly Railway Company, nor did it appear that the Shore Line Electric Railway had such knowledge when it received the deed of the property from the Traction Company. Subsequently, one Perkins was appointed permanent receiver of the Shore Line Electric Railway. Between September 20th, 1921, and November 17th, 1922, the town of Norwich made necessary repairs to the surface and planking of such portion of the Preston Bridge as was included within the tracks of the railway and within a space of two feet on the outer side of the rails of the track, at a total expense of $1,649.89. The work was done with the knowledge of the receiver and upon his agreement to reimburse the town for such expense, to the extent of his liability therefor. The expense of repairing so much of the planking as lay within eight inches of either rail of the track amounted to $549.96. The town of Norwich was not a party to the foreclosure of the mortgage of the Norwich and Westerly Street Railway Company, and it did not appear that the town had actual knowledge or notice of the mortgage upon which this foreclosure suit was based. The claim of the town for $1,649.89 was duly presented to the receiver, who has refused to pay it, but has offered to pay $549.96 in settlement of the claim.

The sections of the statutes referred to in the con-

tract were 3837 and 3838 of the General Statutes, Revision of 1902. In § 3837 it was provided: "Every such company shall keep so much of the highway as is included within its tracks, and a space of two feet on the outer side of the outer rails thereof in repair, to the satisfaction of the authorities of the city, town, or borough, which is bound by law to maintain such highway." Section 3837 of the Revision of 1902, became § 3831 of the Revision of 1918, which was repealed by Chapter 314 of the Public Acts of 1921, part of which is a substitute for the quoted part of § 3837, and reads as follows: "Any street railway company having tracks located in any highway in the state, shall pay to the party obligated to keep such highway in repair, the cost of restoring to its former condition so much of the highway included within a distance of eight inches on each side of each rail as shall have become in need of repair in consequence of the existence and use of such tracks."

The appeal presents a single question, whether the duty of the receiver under paragraph two of the contract is governed by § 3837 of the Revision of 1902, or by Chapter 314 of the Public Acts of 1921. If by § 3837, the receiver is bound to have kept in repair so much of the highway over this bridge as is included within its tracks, and a space of two feet on the outer side of the outer rails thereof, and the claim of the town of $1,649.89 should have been allowed. If the duty of the receiver is governed by Chapter 314 of the Public Acts of 1921, the receiver is bound to keep in repair so much of the highway over this bridge as is included within a distance of eight inches on each side of each rail, and the expense to the town of such repair was concededly $549.96. In other words, is paragraph two of the contract to be construed as imposing upon the Norwich and Westerly Railway Com-

pany, and hence upon this receiver, the duty of maintaining the planking upon this bridge for the space required by the law as it existed when the contract was made, or by the law as it existed when the repairs for which the town claims to be remunerated were made.

Paragraph two of the contract imposes upon the Railway Company "the duties and obligations imposed upon street railway companies by sections 3837 and 3838 of the General Statutes, Revision of 1902." That law has been changed, and if this paragraph is to bear the interpretation placed upon it by the town, the Railway Company would be bound to discharge a duty imposed by a law which had been repealed. If the parties to this contract had intended to make a contract imposing upon the Railway Company the duty of maintaining perpetually a definite portion of the highway, it would have been a simple matter to have phrased their intention in clear and definite form. But when the contract imposed this duty as specified in the existing statutory law it must be assumed that the intention was to make this duty subject to such change as might be made in the statute.

If this interpretation be not placed upon this paragraph, it must follow that even though the legislature should add to the burden imposed by the statutes at the making of the contract, this company would be relieved of this statutory duty by reason of its contract entered into prior to the change in the statute. Whether a contract which stripped the legislature of its power to legislate upon this subject-matter would not be against public policy we need not now determine; yet the imminence of this question would lead the court to a construction which would sustain the statute if this were possible.

The intention of the parties to this contract was not to impose the burden of repairs imposed by this statute

without regard to subsequent changes in the statute, but to impose the burdens and obligations of the statute as it might be changed by subsequent statute.

The appellant's argument, that there would have been no occasion for paragraph two if its only purpose was to reiterate the law as it should then, or thereafter, exist, is not very conclusive, and does not weigh beside the considerations which determine in our view the intention of the parties in this paragraph. Whether the obligation now imposed upon the receiver arises under the contract, or, as the receiver concedes, by the statute, may be left undetermined, as the trial court left it. In either case the result is the same and the amount to be allowed the town is $549.96, as the trial court held.

There is no error.

In this opinion the other judges concurred.